IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-cr-30151-SMY |
| | ) |
| JERAMIE WALLACE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This matter is before the Court on Defendant Jeramie Wallace's motion seeking a sentence reduction under Section § 404(b) of the First Step Act of 2018 (Doc. 43) and Defendant's counsel's motion to withdraw (Doc. 46).[1] The Government has not responded. For the following reasons, Defendant's motion for a sentence reduction is **DENIED** and Counsel's motion to withdraw is **GRANTED**.

**Discussion**

Following a plea of guilty, on March 11, 2020, Defendant was sentenced to 169 months imprisonment for Distribution of Crack Cocaine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C) (Count 1) and Distribution of Crack Cocaine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C) (Count 2). Defendant's relevant conduct involved 2.7 grams of crack cocaine (Presentence Investigation Report, Doc. 21).

Congress passed the Fair Sentencing Act of 2010 which reduced the crack-to-powder penalty disparity from 100:1 to 18:1. Pub. L. No. 111-220, 124 Stat. 2372 (2010); *Dorsey v. United*

---

[1] Defendant's counsel also filed a motion to stay proceedings because of legal ambiguity in the application of sentence reductions to § 841(b)(1)(C) offenses, an ambiguity resolved by a 2021 Supreme Court decision (Doc. 47).

*States*, 567 U.S. 260, 263–64 (2012).  In 2018, Congress made the reduction retroactive when it enacted the First Step Act of 2018, permitting courts to reduce the sentences of defendants convicted of a "covered offense" before August 3, 2010. Pub. L. No. 115-391, 132 Stat. 5194 (2018).

The Court's authority to reduce a sentence under the First Step Act applies only to federal offenses committed before August 3, 2010 (the effective date of the Fair Sentencing Act) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. *See* First Step Act, § 404(a).  Whether to reduce a sentence under the First Step Act is within the discretion of the Court.  *See* First Step Act, § 404(c).

The United States Supreme Court recently held that § 2(a) of the Fair Sentencing Act modified the statutory penalties only for subparagraph (A) and (B) crack offenses – offenses which triggered mandatory-minimum penalties – and did not modify the statutory penalties for offenses under § 841(b)(1)(C). *Terry v. United States,* 141 S.Ct. 1858, 1863 (2021). Thus, offenders, such as Defendant, who were convicted under § 841(b)(1)(C) are not eligible for a sentence reduction under the First Step Act.

Accordingly, Defendant's motion for a sentence reduction (Doc. 43) is **DENIED**; Counsel's motion to withdraw (Doc. 46) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: June 30, 2022**

**STACI M. YANDLE**
**United States District Judge**